UNITED STATES OF AMERICA
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:12-CR-57-F2

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| ANTWON QUARTEZ OBEY, ) | |
| Defendant. ) | |

This matter is before the court on Defendant Antwon Quartez Obey's ("Obey") Motion to Dismiss [Count One of the Superseding Indictment] and Incorporated Memorandum of Law [DE-107]. The Government has responded in opposition [DE-108] and the motion is now ripe for disposition. For the reasons that follow, Obey's motion is DENIED.

## FACTUAL AND PROCEDURAL BACKGROUND

Law enforcement arrested Obey pursuant to a criminal complaint on or about July 19, 2012, and his case was assigned to the Honorable Malcolm J. Howard, Senior United States District Judge for the Eastern District of North Carolina. *See* Complaint [DE-1], No. 5:12-CR-267-H1. The criminal complaint charged that Obey distributed twenty-eight grams or more of cocaine base, in violation of 21 U.S.C. § 841(a). At the detention hearing, Magistrate Judge William Webb found that probable cause existed to support the charge and ordered Obey detained pending trial. He has been detained since his arrest on or about July 19, 2012 (approximately one year ago).

On August 8, 2012, the Grand Jury returned an Indictment charging Obey with one count of conspiracy to distribute twenty-eight grams or more of cocaine base, two counts of distribution of a quantity of cocaine base and aiding and abetting, two counts of distribution of a quantity of

cocaine base, two counts of distribution of more than twenty-eight grams of cocaine base, and one count of distribution of more than twenty-eight grams of cocaine base and aiding and abetting. After Obey requested a continuance of his initial October 2012 arraignment date, Obey entered a plea of not guilty to all eight counts on December 11, 2012. Jury selection and trial were set for March 18, 2013.

On December 20, 2012, the Grand Jury returned a Superseding Indictment adding a new co-defendant, William Leon Lassiter, as well as a new allegation that Obey conspired to distribute .5 kilograms or more of cocaine.[1] As of December 20, 2012, Count One of the Superseding Indictment alleged a conspiracy to distribute: (1) five kilograms or more of cocaine; and (2) twenty-eight grams or more of cocaine base. The initial conspiracy charge alleged a conspiracy dating back to July 2011; however, the Superseding Indictment alleged that the conspiracy began in 2008. The Superseding Indictment retained all the substantive distribution counts from the original Indictment. Trial remained set for March 18, 2013.

On or about March 6, 2013, the Government moved to continue Obey's trial, and Obey consented. The trial date was reset to May 20, 2013. As Obey's case was pending, the Assistant United States Attorney, Rudy Renfer, discovered that the evidence in Obey's case substantially overlapped with the evidence in Corey Carroll's case, a defendant Mr. Renfer was prosecuting before the undersigned. Consequently, Mr. Renfer filed a second Superseding Indictment on April 17, 2013, which joined Obey and Carroll as co-defendants. *See* Superseding Indictment [DE-73], No. 7:12-CR-57-F2. Mr. Renfer subsequently dismissed the Superseding Indictment in

---

[1] The Superseding Indictment retained the charge of conspiracy to distribute 28 grams or more of cocaine base.

Obey's case before Judge Howard. Motion to Dismiss [DE-100], No. 5:12-CR-267-H1; Order Granting Motion to Dismiss [DE-103], No. 5:12-CR-267-H1.

The current operative Superseding Indictment charges Obey with one count of conspiracy to distribute 280 grams or more of cocaine base and 5 kilograms or more of cocaine, two counts of distribution of a quantity of cocaine base and aiding and abetting, two counts of distribution of a quantity of cocaine base, two counts of distribution of more than twenty-eight grams of cocaine base, and one count of distribution of more than twenty-eight grams of cocaine base and aiding and abetting. Superseding Indictment [DE-73]. Other than adding Carroll to the Superseding Indictment and alleging a conspiracy dating back to 2005 instead of 2008, the operative Superseding Indictment is no different than the Superseding Indictment returned on December 20, 2012. The Government has also filed a Notice of Intent to Seek Enhanced Penalty [DE-99] against Obey, pursuant to Title 21, United States Code, Section 851.

The trial before the undesigned is currently set for July 22, 2013. Obey now moves to dismiss Count 1 of the Superseding Indictment filed in this court [DE-73] on the grounds of pre-indictment delay.

## DISCUSSION

Obey's moves to dismiss Count One pursuant to Rule 48(b) of the Federal Rules of Criminal Procedure based on pre-indictment delay. Rule 48(b) allows the court to dismiss an indictment "if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial." Fed. R. Crim. P. 48(b). Rule 48 incorporates both Fifth Amendment due process challenges based on pre-indictment delay and non-constitutional challenges pursuant to a court's inherent power to dismiss an

3

indictment for want of prosecution.[2] *United States v. Goodson*, 204 F.3d 508, 513 (4th Cir. 2000). "Due process is not violated simply because the defendant is indicted after a substantial [] delay." *United States v. Stinson*, 594 F.2d 982, 984 (4th Cir. 1979) (citing *United States v. Lovasco*, 431 U.S. 783, 796 (1977)). The Fourth Circuit employs a two-part test to determine whether pre-indictment delay warrants dismissal. First, the defendant must prove actual prejudice. *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 403 (4th Cir. 1985). In order to demonstrate actual prejudice, a defendant must show that "he was meaningfully impaired in his ability to defend . . . to such an extent that the disposition of the criminal proceeding was likely affected." *Jones v. Angelone*, 94 F.3d 900, 907 (4th Cir. 1996). If that requirement is met, the court then proceeds to balance the prejudice to the defendant with the Government's justification for the delay. *Automated Med. Labs., Inc.*, 770 F.2d at 403-04.

Here, Obey contends that the pre-indictment delay resulted in actual prejudice for three reasons: (1) Obey and his counsel have "devoted substantial time developing defenses to allegations that the Government has since abandoned"; (2) the new Superseding Indictment

---

[2] The Government points out that Obey has not alleged a violation of his Constitutional rights. While it is true that Obey did not explicitly argue that the pre-indictment delay rose to the level of a due process violation, Obey cited to the due process framework for analyzing pre-indictment delay in his brief. Mot. to Dismiss and Incorporated Mem. of Law [DE-107] at 4. Thus, the court deems Obey's motion to dismiss for pre-indictment delay a due process challenge to the Indictment. As the Government notes, Rule 48 provides that the court may dismiss an indictment for pre-indictment delay in cases where the delay does not rise to the level of a due process violation. *Goodson*, 204 F.3d at 513 ("[Rule 48] not only allows a court to dismiss an indictment on constitutional grounds . . . but it also restates the court's inherent power to dismiss an indictment for lack of prosecution where the delay is not of a constitutional magnitude . . . ."). However, where the defendant seeks dismissal of a count of the indictment with prejudice, the court must make a finding that the delay actually prejudiced the defendant. *Id.* at 514. Thus, the court finds no meaningful difference between the due process framework and the standard for granting a Rule 48 motion based on the court's inherent authority where the defendant seeks dismissal of a count of the indictment with prejudice. Under either standard, the defendant must show actual prejudice.

4

forces Obey to choose between waiving his speedy trial rights by seeking a continuance and proceeding to trial unprepared; and (3) the pre-indictment delay has increased the likelihood that witnesses will come forward against Obey who may present false or inaccurate testimony. Mot. to Dismiss and Incorporated Mem. of Law [DE-107] at 4-6.

Obey first argues that he is prejudiced because Obey and his counsel have devoted substantial time to preparing for trial on charges that were ultimately dismissed. As the Government points out in its brief, however, the discovery provided to Obey has not changed since the Government joined Obey to Carroll's Superseding Indictment. Neither the Government's witness list nor the substantive charges Obey faces have changed since the first Superseding Indictment was returned on December 20, 2012. The only significant difference between the two Indictments is that Carroll is included as a co-defendant in the operative Superseding Indictment. In these circumstances—where there has been no meaningful changes in the discovery provided to the defendant and no changes to the witness list—any trial preparation undertaken in advance of the previously-scheduled trial should be directly relevant to the trial in this case.

Obey also argues that the delay in pursuing the Superseding Indictment joining him to Carroll's case forces him to choose between waiving his speedy trial rights by requesting a continuance and proceeding to trial unprepared. The court finds that Obey has not demonstrated prejudice on this basis. As the Government notes, the discovery has not changed and the witness list has not changed. Thus, additional trial preparation based on the new Superseding Indictment joining Obey and Carroll should be minimal. The most recent Superseding Indictment was returned on April 17, 2013, approximately three months before the currently-scheduled trial date

5

of July 22, 2013. This is ample time to prepare for trial without requesting a continuance,[3] especially in this case where Obey has been aware of the Government's evidence for at least the previous six months.

To the extent Obey argues he is prejudiced by the delay between his initial Indictment on August 8, 2012, and the currently-scheduled trial date of July 22, 2013, the court notes that Obey has already either requested or consented to two continuances that moved Obey's initial trial from October 9, 2012 to May 20, 2013. Thus, Obey has affirmatively waived his speedy trial rights up to and including May 20, 2013. *See* 18 U.S.C. § 3161(h)(7)(A). The current delay from May 20, 2013 to July 22, 2013 does not constitute prejudice to a defendant who has already waived over seven months of his speedy trial rights.[4]

Obey's final argument regarding prejudice is that the pre-indictment delay has increased the likelihood that witnesses will come forward who will testify falsely at trial. Obey notes that "in recent months [he] has been approached by inmates who he does not know, but who claim that they will testify against him at trial." Mot. to Dismiss and Incorporated Mem. of Law [DE-107] at 5-6. Presumably, Obey is concerned that the pre-indictment delay and relatively lengthy period of pretrial detention has created an incentive among other inmates to testify falsely in

---

[3] Of course, this order should not be construed as the court's denial of a motion to continue. If Obey needs additional time to prepare for trial, he is free to submit a motion to continue. However, that is entirely Obey's decision and his choice to waive his speedy trial right in that circumstance does not constitute prejudice arising from pre-indictment delay.

[4] In a related argument, Obey submits that "the ever-evolving nature of this prosecution has resulted in Mr. Obey's prolonged pre-trial incarceration." Mot. to Dismiss and Incorporated Mem. of Law [DE-107] at 4. The court is not persuaded that Obey's prolonged incarceration constitutes prejudice for the same reason that the delay between Indictment and trial does not constitute prejudice. Obey has consented to the vast majority of the continuances in this case. His "prolonged pre-trial incarceration" is of his own making.

6

Obey's case, because those inmates assume they will receive sentence reductions based on substantial assistance if they testify (falsely) during Obey's trial.

The court is not persuaded by this argument. The Government has a responsibility to corroborate/investigate witness statements before bringing a case to trial, especially witnesses who are testifying in exchange for a sentence reduction. This court will not presume that the Government will call witnesses who will likely present false testimony solely for the purpose of obtaining a conviction. Obey argues that "[t]his concern about witnesses who will present false or inaccurate testimony is not speculative. In fact, the Government has conceded that one of its chief witnesses falsely accused Mr. Obey of assault with a deadly weapon." Mot. to Dismiss and Incorporated Mem. of Law [DE-107] at 5. Apparently, this allegation refers to a misidentification by an informant's wife, who claimed that Obey had threatened her with a gun. Resp. to Def.'s Mot. to Dismiss Count One of the Superseding Indictment [DE-108] at 2 n.1. Even assuming this allegation is accurate,[5] the court fails to see how the "false accusation" is relevant to Obey's argument regarding pre-indictment delay. The purported false accusation occurred before Obey's initial Indictment. Obey has not, for example, presented the court with any concrete evidence that while he has been incarcerated the Government has identified witnesses who intend to testify falsely against Obey. As explained, absent some definitive evidence that the Government is employing these draconian measures and shirking its responsibility to corroborate informant testimony, the court will not find that the pre-indictment delay has prejudiced Obey on this basis.

---

[5] The Government contends that Obey entirely mis-characterizes the evidence in this allegation. The court sees no need to resolve this issue at this stage.

Obey summarizes his argument as follows:

> In sum, rather than build its case against Mr. Obey before having him arrested and await trial on two separate and distinct conspiracy charges that it eventually dismissed, the Government has chosen to prosecute Mr. Obey on this new charge, predominantly on information that it has obtained during the course of his pretrial detention.

Mot. to Dismiss and Incorporated Mem. of Law [DE-107] at 5-6. While the typical course of a criminal prosecution may be to collect the majority of the evidence prior to indictment, Obey has cited no statutory or common law rule prohibiting the Government from developing the evidence against a defendant after indictment. As the Fourth Circuit has noted, the public interest in enforcement of the criminal law and victim rights concerns place a heavy burden on a defendant who seeks dismissal of a criminal indictment. *Goodson*, 204 F.3d at 514; *United States v. Derrick*, 163 F.3d 799, 807 (4th Cir. 1988). That the Government has chosen to continue investigating Obey's alleged drug activity after his arrest and indictment and has developed new charges in the course of that investigation has not prejudiced Obey to the extent that dismissal of Count One of the Superseding Indictment is warranted.

## CONCLUSION

For the foregoing reasons, Obey's Motion to Dismiss and Incorporated Memorandum of Law [DE-107], in which Obey seeks dismissal of count one of the Superseding Indictment joining Obey and Carroll is DENIED.

8

SO ORDERED.

This the 14th day of June, 2013.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge